■ In the Matter of STEPHEN CONNELLY, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the State Commissioner of Social Services, dated February 20, 1980 and made after a statutory fair hearing, which affirmed a determination of the local agency denying petitioner's application for home relief. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and the matter is remitted to the State commissioner for a *de novo* fair hearing. In November, 1978 and July, 1979, petitioner received Social Security checks for $6,601 and $715, respectively, as lump-sum retroactive awards for disability and Supplemental Security Income (SSI) benefits. This was pursuant to a decision of the Social Security Administration, after a hearing, which held that he was mentally disabled from July, 1975 to April, 1978, during which period he was hospitalized three times. Petitioner's first admission was on July 26, 1975, when he was in a comatose state due to an overdose of Valium. He was discharged on February 9, 1976 with a diagnosis of "manic depressive illness, circular depressed type." His next admission was on March 25, 1977 for depression, "suicidal ideation" and a history of drug and alcohol abuse. On April 4, 1977 petitioner was discharged with a diagnosis of anxiety neurosis but he was admitted for a third time on December 4, 1977 at his own request. He was then diagnosed as having manic depressive illness-depressed type, characterized by suicidal ideation and helplessness. On December 9, 1977, petitioner was discharged and advised to continue private psychiatric care. Petitioner was seen by his treating psychiatrist on May 16, 1978 and, although diagnosed as suffering from depressive neurosis, petitioner asked that all medication be stopped. Petitioner discontinued therapy on his own accord since he had been improving. Based on this history, on October 19, 1978 an Administrative Law Judge held petitioner to be entitled to disability benefits and SSI for the period July 26, 1975 to April 15, 1978 under subdivision (i) of section 216 and sections 223 and 1614 (subd [a], par [3]) of the Social Security Act (US Code, tit 42, § 301 *et seq.*). The Administrative Law Judge held that petitioner's disability ceased on April 15, 1978. (Petitioner's appeal from the finding of nondisability after April 15, 1978 was pending on the date of the fair hearing.) In 1979 petitioner twice applied for home relief. The applications were denied by the local agency for failure to adequately explain the disposition of the lump-sum awards. Following a fair hearing to review the second determination, the State commissioner affirmed the local agency's determination, essentially because petitioner had given inconsistent explanations of the alleged loss by theft of $1,500 and submitted insufficient medical documentation that his mental condition was the reason for his inability to account for the expenditure of the awards. The record indicates that respondents did not give sufficient consideration to petitioner's history of severe mental impairment, his manic-depressive history, and the report of his psychiatrist that he was still suffering from depressive neurosis, severe anxiety, and paranoid delusions. There was apparently no consideration of the possibility that if petitioner entered the manic stage with thousands of dollars in his possession, he could dispose of it in a grand spree and then be unable, while in the depressive state, to account for it. At the new hearing further medical evidence concerning petitioner's condition and ability to manage his affairs should be adduced. In view of the nature of petitioner's mental illness, a determination of another agency made in October, 1978 that petitioner's mental disability ceased as of April, 1978 has little relevance to petitioner's mental condition in 1979 and thereafter. Titone, J. P., Lazer, Niehoff and Rubin, JJ., concur.